IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **SEEBACH AMERICA, INC.,** | ) | Civil Action No. 2:09-0510 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SEETECH, LLC, SUPERIOR SYSTEMS,** | ) | |
| **INC. AND BRIAN EDMONDS,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT ON COUNTS V AND VI OF PLAINTIFF'S COMPLAINT**

Plaintiff Seebach America, Inc. ("Seebach America"), by its undersigned counsel, Spilman Thomas & Battle, PLLC and Cohen & Grigsby, P.C., files the following Memorandum in Opposition to Defendants' Motion to Dismiss, or, in the Alternative, for Summary Judgment, on Counts V and VI of the Plaintiff's Complaint (hereinafter, "Defendants' Motion"), stating as follows:

### I.   INTRODUCTION

Defendants Seetech, LLC ("Seetech"), Superior Systems, Inc. ("Superior Systems"), and Brian Edmonds ("Edmonds") have asked this Court to dismiss Seebach America's claims for tortious interference with contractual relationships and tortious interference with prospective contractual relationships for failure to state claims upon which relief can be granted.  In the alternative, Defendants have asked this Court to prematurely grant summary judgment in their favor, based on a single declaration that – at best – suggests the existence of disputed questions

of fact. In seeking dismissal of Counts V and VI of Seebach's Complaint, moreover, Defendants misstate or ignore the applicable standard of review and disregard well-established legal principles. In fact, Defendants' entire legal argument is based on an incorrect theory of law that is unsupported by any case cited by Defendants. For these reasons, and the reasons set forth in more detail below, Defendants' motion should be denied. In the alternative, should this Court choose to convert Defendants' motion to a motion for summary judgment, Seebach America respectfully requests that this Court order expedited discovery relating to Seebach America's tortious interference claims so that the parties can develop a full record on the issues raised by Defendants' motion.

## II. FACTUAL BACKGROUND

This case involves a dispute between Seebach America and Edmonds, Seebach America's former president, and two companies formed by Edmonds to compete against Seebach America. In summary, Seebach America alleges that Edmonds, while still employed by Seebach America, engaged in conduct intended to usurp Seebach America's goodwill and business opportunities and to unfairly compete against Seebach America. (Complaint, ¶¶ 1-5.) The Complaint alleges that Seebach America supplies filters and filtration solutions to mining operations, and that Seebach America "typically forms stable relationships with its customers and relies on repeat business." (Complaint, ¶¶ 15, 25). Seebach America alleges that Edmonds and the other defendants used unlawful means to interfere with Seebach America's business relationships with its employees, customers and suppliers. (Complaint, ¶¶ 61-76.) Seebach America alleges that the Defendants are in possession of confidential information relating to its customers, products and pricing, and have used or are using that information to interfere with Seebach America's actual and prospective contractual relationships. (Complaint, ¶¶ 4, 34-38,

75, 79-128.)  Seebach America alleges that the wrongful means employed by Edmonds included but was not limited to falsely telling Seebach America's employees and customers that Seebach America planned to discontinue its operations in the United States.  (Complaint, ¶¶ 43-47, 60, 61.)  Seebach discovered Edmonds' misconduct following the sudden resignation of all of Seebach America's employees without notice. (Complaint, ¶ 54-61, 72.)   Seebach America alleges that Edmonds induced its employees to sever their employment relationships with Seebach for the purpose of disrupting Seebach America's operations and competing unfairly against Seebach America.  (Complaint, ¶¶ 43-47, 55-60, 72.)   Seebach America's Complaint alleges that Seetech, using a company name and corporate logo confusing similar to that used by Seebach America, submitted a proposal to an existing Seebach America customer in an attempt to create the sham impression Seetech was related to or the same as Seebach America. (Complaint, ¶¶ 65-71.)  Seebach America also alleges that its personnel and customer records were missing and had been converted by Defendants.  (Complaint, ¶¶ 73-74.)

Plaintiff's eight count complaint pleads claims for (i) trademark infringement, (ii) unfair competition, (iii) breach of fiduciary duty, (iv) misappropriation of trade secrets, (v) tortious interference with existing contractual relationships, (vi) tortious interference with prospective contractual relationships, (vii) conversion, and (viii) unjust enrichment.

### III.    LEGAL ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal based on the plaintiff having "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not "resolve contests surrounding the facts or merits of a claim." Smith v. Frye, 488 F.3d 263, 274 (4th Cir. 2007) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." The required "short and plain statement" must provide "fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 127 S. Ct. at 1969)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).

Application of the Rule 12(b)(6) standard also requires that the court "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (quoting Twombly, 127 S. Ct. at 1965; see also South Carolina Dept. Of Health And Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). The complaint need not "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965. Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974. A complaint will survive a 12(b)(6) motion if it contains "enough facts to state a claim to relief that is plausible on its face," but the complaint must consist of "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1974, 1964-65. Seebach America's Complaint more than meets these pleading standards. Accordingly, Plaintiff's tortious

interference with existing and prospective contractual relationships claims should not be dismissed, nor should summary judgment be prematurely entered in Defendants' favor.

    **A.    West Virginia Law Recognizes Causes of Action for Tortious Interference with Existing and Prospective Relationships**

It is well-established that West Virginia recognizes a cause of action based on tortious interference with contractual relations. Wood County Airport Auth. v. Crown Airways, Inc., 919 F. Supp. 960 (S.D.W.Va. 1996)(citing Torbett v. Wheeling Dollar Sav. & Trust, 314 S.E.2d 166, 171 (1983)). A plaintiff may pursue recovery for interference with both existing and prospective business or employment relationships. Id. Under West Virginia law, to maintain a claim for tortious interference, a plaintiff must be able to show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages. Torbett, 314 S.E.2d at 173; C.W. Development, Inc. v. Structures, Inc. of West Virginia, 408 S.E.2d 41, 44 (W.Va. 1991). If a plaintiff makes out a prima facie case of tortious interference, a defendant may attempt to prove justification or privilege as affirmative defenses. Id. at 44. These defenses may not be considered on a motion to dismiss, however, unless their existence is clearly apparent from the face of the plaintiff's complaint. Eastern Shore Markets, Inc. v. J.D. Assocs. Limited Partnership, 213 F.3d 175, 185 (4th Cir. 2000)(reversing dismissal of tortious interference claims by district court).

    **B.    Seebach America Has Alleged Sufficient Facts to State Claims for Tortious Interference With Its Existing and Prospective Contractual Relationships**

Defendants assert that Seebach America's Complaint does not allege sufficient facts to state claims for tortious interference with existing and prospective contractual relations. This assertion is incorrect. To the contrary, Seebach America has alleged that: (i) it is in the business

of manufacturing and distributing filters and filtration solutions to customers (Complaint, ¶ 12); it has established strong relationships with its customers; (Complaint, ¶ 24); (iii) it forms stable relationships with its customers and relies on repeat business; (iv) it "maintains contractual relationships with its customers and employees" (Complaint, ¶¶ 130); (v) that Edmonds interfered with its employment relationships by falsely informing the employees he supervised that Seebach America was not going to continue its operations (Complaint, ¶¶ 43-47); (vi) that the Defendants or those acting in concert with them have stated or implied to Seebach customers that Seebach America was ceasing operations (Complaint, ¶¶ 61, 107); (vii) that Defendants submitted a proposal to a Seebach America customer designed to mislead the customer into thinking it was dealing with a successor in interest to Seebach America (Complaint, ¶¶ 65-69); (viii) that Edmonds has misused confidential Seebach America information to interfere with Seebach America's customer relationships (Complaint, ¶ 78-82); and (ix) that Edmonds solicited Seebach America employees and customers while he was still employed as president of Seebach America. (Complaint, ¶¶ 106, 111).

In short, Seebach America's allegations are not mere "formulaic recitations" of the legal elements of its claims. Accordingly, Defendants motion to dismiss should be denied.

### C. Defendants' Argument That Seebach America "Did Not Have Contracts" With its Employees and Customers is Meritless

Defendants' motion to dismiss appears to rest on the flawed premise that only plaintiffs who allege the existence of long-term, written agreements that are not terminable at will may pursue claims for tortious interference with contractual relationships. As an initial matter, Defendants' argument impermissibly relies upon facts outside the pleadings in the form of a sworn declaration. (In that Declaration, Edmonds purports to offer legal opinions as to the nature of Seebach America's relationships with its employees and customers, without any

indication that he is competent or has the legal training to do so.) This Court should disregard the declaration and the portions of Defendants' Memorandum that rely upon it, and decide this motion solely on the basis of the pleadings pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Second, this Court should reject Defendants' legal theory that formal written agreements are required to sustain a tortious interference with contract claim, because it is inconsistent with binding precedent and because Defendants have cited no authority that supports it. The "tort of interference with a business relationship does ***not*** require that the relationship be evidenced by an enforceable contract." Tiernan v. Charleston Area Med. Center, 506 S.E.2d 578, 591 n.20 (W.Va. 1998)(emphasis added). This is consistent with general contract principles, which (with exceptions not applicable here) do not require a formal writing to create contractual obligations. All that is required for the establishment of a contract are competent parties, legal subject-matter, valuable consideration and mutual assent. Ways v. Imation Enterprises Corp., 589 S.E.2d 36, 44 (W.Va. 2003). Both the offer and acceptance may be by word, act or conduct. Id. An employment relationship is a service contract, whether it is for a term or merely at will. Customer sales made by telephone, purchase order, proposal and long-term supply or requirements agreements are all equally "contractual" in nature, irrespective of the differences in their formation and duration.

Third, Defendants are incorrect in asserting that at-will contractual relationships cannot be the subject of tortious interference claims. Until an at-will contractual relationship has been

---

[1] Federal Rule 12(d) provides that, if this Court decides to consider matters outside the pleadings in deciding Defendants' Motion, "the motion must be treated as one for summary judgment under Rule 56, [and] [a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). See also Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1471 (4th Cir. 1991). This generally includes the opportunity to conduct discovery. Id. at 1471-72. Given the fact that Seebach America's tortious interference claims are intertwined with its misappropriation of trade secrets, breach of fiduciary duty, trademark infringement and unfair competition claims, Plaintiff respectfully suggests that judicial economy would be better served by denying Defendants' motion without prejudice, with instructions to refile it at the close of discovery if Defendants so choose.

terminated, "the contract is valid and subsisting, and the defendant may not improperly interfere with it." Restatement (Second) of Torts, §766 cmt g. This principle applies to at-will employment relationships. Indeed, "the existence of an at-will employment relationship does not insulate a defendant from liability for tortious interference." Tiernan, 506 S.E.2d at 591 n.20. When a plaintiff alleges interference with business or employment relationships that are at-will, however, the plaintiff must allege that the defendant employed wrongful or improper means to recover. See Cavcon Inc. v. Endress+Hauser, 557 F. Supp. 2d 706 (S.D.W.Va. 2008). As set forth above, Seebach has alleged that Defendants used improper means, some of them independently tortious, and has alleged that Defendants' conduct was not privileged. (Complaint, ¶¶ 2-5, 38, 43-71, 129-140). This is sufficient to state a claim upon which relief can be granted.

Fourth, Defendants' legal argument ignores or attempts to obscure the fact that Seebach America has alleged interference with its prospective contractual relations, in addition to its existing ones. Thus, even if Seebach America's customer relationship consist, as Defendants assert, of a series of separate sales transactions (with no continuing executory obligations), Seebach America would, at a minimum, be entitled to pursue a claim for tortious interference with prospective contractual relationships or expectancies under West Virginia law.

Fifth, this Court should reject Defendants' attempt to obtain an early adjudication of their affirmative defenses, which can not properly be raised by a motion under Rule 12(b)(6). "A court may consider defenses on a 12(b)(6) motion only 'when the face of the complaint clearly reveals the existence of a meritorious affirmative defense.'" Eastern Shore Markets, 213 F.3d at 185. The competitor's privilege, upon which Defendants rely, is an affirmative defense under West Virginia law. Cavcon, 557 F. Supp. 2d 706 726 (citing Garrison v. Herbert J. Thomas

Memorial Hosp. Ass'n, 438 S.E.2d 6, 7 (W.Va. 1993). Not only is the existence of this defense not apparent from the face of the Complaint in this case, the facts pleaded by Seebach America are sufficient to defeat the affirmative defense.[2] Moreover, Defendants vastly overstate the breadth of the defense that they are seeking to interpose. The mere fact that Edmonds was not subject to a non-competition agreement does not give him license to engage in acts of unfair competition. Seebach America's Complaint sufficiently pleads facts sufficient to both state claims for tortious interference and defeat any defense Defendants may assert. For the purposes of deciding Defendants' Motion, those facts must be treated as true. Accordingly, Defendants' motion should be denied.

Respectfully submitted,
SPILMAN THOMAS & BATTLE, PLLC


By: */s/ Samuel M. Brock III*
Samuel M. Brock II (WV Bar #9216)
Richard M. Wallace (WV Bar #9980)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East (25301)
Post Office Box 273
Charleston, WV 25321-0273
Telephone: (304) 340-3800
Facsimile: (304) 340-3801

COHEN & GRIGSBY P.C.
Barbara A. Scheib (visiting attorney)
625 Liberty Avenue
Pittsburgh, PA 15222-31542
Telephone: (412) 297-4900
Facsimile: (412) 209-1861
***Counsel for Defendant***

---

[2] In their Memorandum, Defendants appear to assert that Seebach America's allegations are deficient because they do not recite every instance of solicitation by Mr. Edmonds prior and subsequent to his departure from Seebach America's employment. Rule 8 of the Federal Rules of Civil Procedure does not require pleading at that level of detail. Moreover, Defendants ignore Seebach America's misappropriation, conversion and trademark allegations. The crux of Plaintiff's Complaint is that Edmonds and his companies are using Seebach's assets (including its trademark, customer records, employees and inventory) to compete against Seebach America. This conduct is wrongful under the Restatement (Second) of Torts.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **SEEBACH AMERICA, INC.,** | ) | **Civil Action No. 2:09-0510** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SEETECH, LLC, SUPERIOR SYSTEMS, INC. AND BRIAN EDMONDS,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2009, I electronically filed the foregoing "**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT ON COUNTS V AND VI OF PLAINTIFF'S COMPLAINT**" with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Christopher L Slaughter, Esquire
Lindsay E Agee, Esquire
Steptoe & Johnson, PLLC
P.O. Box 2195
Huntington, WV  25722-2195


*/s/ Samuel M. Brock III*
Samuel M. Brock III (WV Bar #9216)